IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Scott Stevenson, | Case No. 5:07 CV 1343 |
| Petitioner, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| David Bobby, | |
| Respondent. | |

### BACKGROUND

This matter is before the Court on Petitioner's Objection (Doc. No. 13) to the Magistrate Judge's Report and Recommendation (Doc. No. 12). In accordance with *Hill v. Duriron Co.*, 656 F.2d 1208, 1213 (6th Cir. 1981) and 28 U.S.C. § 636(b)(1)(B) & (C), this Court has made a *de novo* review of the Objections to the Magistrate's findings. For the following reasons, the Court finds the Objections are not well taken.

### DISCUSSION

**Facts and Procedural Background**

This Court adopts the Magistrate's statement of the underlying facts (Doc. No. 12, pp. 2-4).

Petitioner was indicted in July 2004 for one count of rape and one count of gross sexual imposition. He was found guilty of both counts and was sentenced in December 2004 to life imprisonment on the rape count and to five years on the gross sexual imposition count, to be served concurrently.

In January 2005, Petitioner, represented by new counsel, filed a timely notice of appeal with the state appellate court. The appellate court affirmed the trial court judgment. The Ohio Supreme Court dismissed Petitioner's appeal because it did not involve a substantial constitutional question.

In May 2006, Petitioner, represented yet again by new counsel, filed an application to re-open his direct appeal, arguing his original appellate counsel was ineffective for failing to challenge the sufficiency of the evidence. The state appellate court denied his application as untimely. Petitioner later filed a petition for post-conviction relief arguing that his trial counsel was ineffective. The trial court denied his petition.

**Petition for Habeas Corpus**

In his Petition for Writ of Habeas Corpus (Doc. No. 1), Petitioner alleges that his trial counsel was ineffective for failing to object to hearsay testimony. Specifically, Petitioner asserts three instances in which defense counsel failed to object to hearsay testimony: (1) child psychologist Dr. Tener's interview with alleged victim Brandi who relayed she was sexually abused by Petitioner; (2) Dr. Tener's opinion that Brandi was a victim of child abuse; and (3) Dr. Tener's conclusion that Brandi's statements during her interview were consistent with earlier statements she made to investigators.

The Magistrate recommended denial of the Petition. With regard to the second and third hearsay claims, the Magistrate found that they were never fairly presented to the state courts and therefore were procedurally defaulted. Moreover, Petitioner effectively withdrew those claims in his Supplemental Traverse (Doc. No. 11). Petitioner does not contest the Magistrate's Recommendation regarding these claims.

2

As to the first claim, the Magistrate found it "debatable" whether Petitioner fairly presented the claim to the Ohio Supreme Court and ultimately declined to address whether the claim was procedurally defaulted (Doc. No. 12, p. 8). After reviewing the claim on the merits, the Magistrate found the state appellate court's decision did not unreasonably apply the prejudice test elucidated in *Strickland v. Washington*, 466 U.S. 668 (1984), and there was no "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. at 694. Thus, the Magistrate found Petitioner's first claim to be without merit and recommended denial of the Petition in its entirety.

Petitioner now objects to the Magistrate's findings pertaining to his first claim of ineffective assistance of trial counsel. In largely the same arguments he made before the Magistrate, Petitioner argues Dr. Tener's testimony regarding Brandi's allegations of sexual abuse was inadmissible hearsay prejudicial to Petitioner, and the state appellate court unreasonably applied *Strickland* to the facts of his case.

**Procedural Default**

The Magistrate declined to address whether Petitioner's ineffective assistance of counsel claim was procedurally defaulted, choosing instead to address the merits. The Supreme Court does not require federal courts to address a procedural default issue before deciding against a petitioner on the merits. *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997). The Sixth Circuit has followed this rule in cases where the procedural default question is complicated and unnecessary to the outcome of the case. *Hudson v. Jones*, 351 F.3d 212, 215-16 (6th Cir. 2003). It is arguable whether Petitioner fairly presented his claim to the Ohio Supreme Court, but a determination of that issue is not necessary for

3

the Court's determination of Petitioner's claim. Thus, the Court proceeds to an evaluation of Petitioner's claim on the merits.

### Ineffective Assistance of Counsel

To establish ineffective assistance of counsel, a petitioner must demonstrate that his counsel's conduct was so below acceptable standards of representation that counsel was not functioning as "counsel" guaranteed by the Sixth Amendment of the United States Constitution. *Strickland*, 466 U.S. at 687; *Wickline v. Mitchell*, 319 F.3d 813, 819 (6th Cir. 2003). "Judicial scrutiny of counsel's performance must be highly deferential. . . . [A] a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689; *see also Jells v. Mitchell*, 538 F.3d 478, 491 (6th Cir. 2008).

A petitioner also must demonstrate trial counsel's performance prejudiced his defense to such an extent as to deprive the defendant of a fair trial. *Wickline*, 319 F.3d at 819. To establish prejudice, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

Petitioner raises no new arguments regarding the state appellate court's application of the *Strickland* standard in his Objection. This Court adopts the Magistrate's Recommendation that Petitioner's claim of ineffective assistance of counsel be denied. Based upon statements at sidebar

in the trial record,[1] the state appellate court reasonably found that defense counsel's lack of objection to Dr. Tener's hearsay testimony was tactical, and not the result of a deficiency in representation. Furthermore, Dr. Tener's testimony was cumulative of Brandi's testimony. The state appellate court reasonably relied on *State v. Chappell*, 97 Ohio App. 3d 315 (1994), to support its determination that cumulative testimony in a child sexual abuse case was harmless where there was other, independent evidence of a defendant's guilt. Therefore, counsel's failure to object did not result in prejudice to Petitioner because there was "sufficient independent evidence" of guilt (Doc. No. 6, Ex. 1 ¶ 46).

Petitioner objects specifically to footnote five (5) of the Magistrate's Report and Recommendation (Doc. No. 12), which states "at least some of Brandi's statements, as related by Dr. Tener, may well have been non-hearsay statements submitted not for the truth of the matter asserted but as a basis for Dr. Tener's expert opinion that Brandi was a victim of child sexual abuse." Petitioner argues Ohio case law does not support the Magistrate's assertion. However, *State v. Stowers*, 81 Ohio St. 3d 260, 262 (1998), cited by the Magistrate, holds that "if a person has information which has been acquired by experience, training or education which would assist the trier of fact in understanding the evidence or a fact in issue and the information is beyond common experience, such person may testify [to that information]." In so holding, the *Stowers* court affirmed the admission of testimony by the same Dr. Tener whose testimony is at issue in the instant matter regarding whether "the behavior of an alleged child victim of sexual abuse is consistent with behavior observed in [other] sexually abused children." *Id.* at 261. Thus, the Magistrate correctly determined

---

[1] "[The Court:] I have had the discussion with counsel. They are aware that [hearsay] has come in and there are – they are making a decision to let what they want to come in, what they don't want to come in. So the record should reflect that there is a conscious strategic decision by Defense Counsel to permit certain pieces of information in" (Doc No. 6, Ex. 1 ¶¶ 34-35).

5

that Dr. Tener would necessarily have had to recount some of Brandi's statements and actions during her interview in order to explain her methods of analysis in child sexual abuse cases. Petitioner's objection is without merit.

## **CONCLUSION**

After conducting a *de novo* review of the portions of the Report and Recommendation objected to by Petitioner, the Magistrate's Report and Recommendation is hereby adopted. The Petition (Doc. No. 1) is dismissed.

Pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that an appeal from this action could not be taken in good faith and that there is no basis on which to issue a certificate of appealability.

IT IS SO ORDERED.

                                                s/ *Jack Zouhary*
                                                JACK ZOUHARY
                                                U. S. DISTRICT JUDGE

                                                October 16, 2008